IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, 11 Dupont Circle, N.W. Washington, D.C. 20036 | ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: 1:05CV02382 (EGS) Hon. Emmet G. Sullivan |
| vs. | ) ) | |
| UNITED STATES DEPARTMENT OF STATE, 2201 C Street, N.W. Washington, DC 20528 | ) ) ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S ANSWER**

Defendant the United States Department of State ("State Department") hereby answers the Complaint of plaintiff Citizens for Responsibility and Ethics in Washington ("CREW").

**First Affirmative Defense**

Claim Two of the Complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

Claim Three of the Complaint is moot, as the defendant has provided the relief sought.

**Defendant's Responses to the Numbered Paragraphs**

Answering the numbered paragraphs of plaintiff's Complaint, defendant responds as follows:

**INTRODUCTION**

1.  This paragraph contains plaintiff's characterization of the nature of plaintiff's

action, to which no response is required.

2.  This paragraph contains plaintiff's characterization of the nature of plaintiff's action, to which no response is required.

## JURISDICTION AND VENUE

3.  Admitted.

4.  Defendant is without knowledge or information sufficient to confirm or deny the allegations in this paragraph.

5.  Defendant is without knowledge or information sufficient to confirm or deny the allegations in this paragraph.

6.  This paragraph contains legal conclusions to which no response is required; to the extent a response is required concerning plaintiff's harm, defendant denies the allegations in this paragraph.

7.  Defendant admits the first sentence. Defendant denies the second sentence except it admits that it possesses and controls records responsive to plaintiff's request and that it has an obligation to respond and produce documents to the extent required by law.

## STATUTORY FRAMEWORK

### The Freedom of Information Act

8.  This paragraph contains plaintiff's characterization of 5 U.S.C. § 552 to which no response is required, and to which the Court is referred for a full and accurate statement of its provisions.

9.  This paragraph contains plaintiff's characterization of 5 U.S.C. § 552(a)(6)(A)(i) to which no response is required, and to which the Court is referred for a full and accurate

statement of its provisions.

10. This paragraph contains plaintiff's characterization of 5 U.S.C. § 552(a)(6)(A)(ii) to which no response is required, and to which the Court is referred for a full and accurate statement of its provisions.

11. This paragraph contains plaintiff's characterization of 5 U.S.C. § 552(a)(6)(B) to which no response is required, and to which the Court is referred for a full and accurate statement of its provisions.

12. This paragraph contains plaintiff's characterization of 5 U.S.C. § 552(a)(4)(B) to which no response is required, and to which the Court is referred for a full and accurate statement of its provisions.

13. This paragraph contains plaintiff's characterization of 5 U.S.C. § 552(a)(4)(F) to which no response is required, and to which the Court is referred for a full and accurate statement of its provisions.

14. This paragraph contains plaintiff's characterization of 5 U.S.C. § 552(a)(4)(A) to which no response is required, and to which the Court is referred for a full and accurate statement of its provisions. The defendant denies the allegations of the second sentence to the extent that the full fee waiver provisions may be found at 22 C.F.R. §§ 171.14-.17.

15. This paragraph contains plaintiff's characterization of 5 U.S.C. § 552(a)(4)(A)(iii) to which no response is required, and to which the Court is referred for a full and accurate statement of its provisions. The defendant denies the second sentence. *See* 22 C.F.R. § 171.17

16. This paragraph contains plaintiff's characterization of 5 U.S.C. § 552(a)(6)(A)(i) to which no response is required, and to which the Court is referred for a full and accurate

statement of its provisions.

17. This paragraph contains plaintiff's characterization of 5 U.S.C. § 552(a)(4)(A)(vii) to which no response is required, and to which the Court is referred for a full and accurate statement of its provisions.

18. This paragraph contains plaintiff's characterization of 5 U.S.C. §§ 552(a)(6)(E)(i), 552(a)(6)(E)(v)(III) to which no response is required, and to which the Court is referred for a full and accurate statement of their provisions.

19. This paragraph contains plaintiff's characterization of 22 C.F.R. § 171.12(b)(2) to which no response is required, and to which the Court is referred for a full and accurate statement of its provisions.

20. This paragraph contains plaintiff's characterization of 5 U.S.C. § 552(a)(6)(E)(ii) and 22 C.F.R. § 171.50(b) to which no response is required, and to which the Court is referred for a full and accurate statement of their provisions.

21. This paragraph contains plaintiff's characterization of 5 U.S.C. § 552(a)(6)(E)(iii) to which no response is required, and to which the Court is referred for a full and accurate statement of its provisions.

**FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF**

22. The allegations in this paragraph constitute plaintiff's characterization of a news report to which no response is required. Defendant respectfully refers the Court to Exhibit A attached to plaintiff's Complaint for the complete version of the referenced article, which speaks for itself.

23. The allegations in this paragraph constitute plaintiff's characterization of news

reports to which no response is required. Defendant respectfully refers the Court to Exhibits B and C attached to plaintiff's Complaint for the complete versions of the referenced articles, which speak for themselves.

24. The allegations in this paragraph constitute plaintiff's characterization of news reports to which no response is required. Defendant respectfully refers the Court to Exhibits A, B, D, and E attached to plaintiff's Complaint for the complete versions of the referenced articles, which speak for themselves.

### Plaintiff's FOIA Request and Follow-Up

25. Defendant admits that it received a letter dated September 7, 2005, from the plaintiff. The remaining allegations in this paragraph constitute a characterization of the September 7, 2005, letter from plaintiff to defendant, attached as Exhibit F to plaintiff's Complaint, to which no response is required. To the extent a response is required, defendant respectfully refers the Court to Exhibit F for a full and accurate statement of its contents.

26. The allegations in this paragraph constitute a characterization of a September 7, 2005, letter from plaintiff to defendant, attached as Exhibit F to plaintiff's Complaint, to which no response is required. To the extent a response is required, defendant respectfully refers the Court to Exhibit F for a full and accurate statement of its contents.

27. The allegations in this paragraph constitute a characterization of a September 7, 2005, letter from plaintiff to defendant, attached as Exhibit F to plaintiff's Complaint, to which no response is required. To the extent a response is required, defendant respectfully refers the Court to Exhibit F for a full and accurate statement of its contents.

28. The allegations in this paragraph constitute a characterization of a September 7,

2005, letter from plaintiff to defendant, attached as Exhibit F to plaintiff's Complaint, to which no response is required. To the extent a response is required, defendant respectfully refers the Court to Exhibit F for a full and accurate statement of its contents.

29. Defendant admits that it mailed plaintiff a letter dated October 6, 2005. The remaining allegations in this paragraph constitute a characterization of the October 6, 2005, letter from defendant to plaintiff, attached as Exhibit G to plaintiff's Complaint, to which no response is required. To the extent a response is required, defendant respectfully refers the Court to Exhibit G for a full and accurate statement of its contents.

30. The allegations in this paragraph constitute a characterization of an October 6, 2005, letter from defendant to plaintiff, attached as Exhibit G to plaintiff's Complaint, to which no response is required. To the extent a response is required, defendant respectfully refers the Court to Exhibit G for a full and accurate statement of its contents.

31. The allegations in this paragraph constitute a characterization of an October 6, 2005, letter from defendant to plaintiff, attached as Exhibit G to plaintiff's Complaint, to which no response is required. To the extent a response is required, defendant respectfully refers the Court to Exhibit G for a full and accurate statement of its contents.

32. Defendant admits that it received a letter dated October 25, 2005, from the plaintiff. The remaining allegations in this paragraph constitute a characterization of the October 25, 2005, letter from plaintiff to defendant, attached as Exhibit H to plaintiff's Complaint, to which no response is required. To the extent a response is required, defendant respectfully refers the Court to Exhibit H for a full and accurate statement of its contents.

33. The allegations in this paragraph constitute a characterization of the October 25,

2005, letter from plaintiff to defendant, attached as Exhibit H to plaintiff's Complaint, to which no response is required. To the extent a response is required, defendant respectfully refers the Court to Exhibit H for a full and accurate statement of its contents.

34.     The allegations in this paragraph constitute a characterization of the October 25, 2005, letter from plaintiff to defendant, attached as Exhibit H to plaintiff's Complaint, to which no response is required. To the extent a response is required, defendant respectfully refers the Court to Exhibit H for a full and accurate statement of its contents.

35.     The allegations in this paragraph constitute a characterization of the October 25, 2005, letter from plaintiff to defendant, attached as Exhibit H to plaintiff's Complaint, to which no response is required. To the extent a response is required, defendant respectfully refers the Court to Exhibit H for a full and accurate statement of its contents.

36.     Defendant admits that, as of the date of the Complaint, it had not sent a response to the October 25, 2005, letter. However, defendant avers that it sent plaintiff a letter dated December 15, 2005, in response to plaintiff's October 25, 2005, letter. *See* Letter from Charlene Wright Thomas, Chief, Requester Liaison Division, to Anne L. Weismann, CREW, December 15, 2005 (attached as Exhibit 1). In the letter, the defendant granted plaintiff's request for a waiver of fees but denied plaintiff's request for expedited processing. *See id.*

37.     The allegations in the first sentence of this paragraph contain legal conclusions to which no response is required. Defendant denies the allegations in the second sentence but admits that it had not responded within 10 days of the October 25, 2005, letter.

38.     The allegations in this paragraph contain legal conclusions to which no response is required.

39. The allegations in this paragraph contain legal conclusions to which no response is required.

40. The allegations in this paragraph contain legal conclusions to which no response is required.

### PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE
(Failure to Produce Records)

41. To the extent plaintiff realleges and incorporates all preceding paragraphs, defendant refers the Court to its responses to specific preceding paragraphs.

42. This paragraph contains a legal conclusion to which no response is required.

43. This paragraph contains legal conclusions to which no response is required.

44. Defendant denies the allegations in this paragraph.

### CLAIM TWO
(Failure to Respond)

45. To the extent plaintiff realleges and incorporates all preceding paragraphs, defendant refers the Court to its responses to specific preceding paragraphs.

46. Defendant admits that it received a letter from plaintiff dated September 7, 2005. The remaining allegations in this paragraph constitute a legal conclusion to which no response is required.

47. Defendant denies the allegations in this paragraph except it admits that it did not provide the requested records to the plaintiff or state that it would not provide the requested records to the plaintiff within 20 working days of receipt of the September 7, 2005, letter.

48. Defendant denies the allegations in this paragraph.

## CLAIM THREE
### (Improper Denial of Fee Waiver)

49. To the extent plaintiff realleges and incorporates all preceding paragraphs, defendant refers the Court to its responses to specific preceding paragraphs.

50. This paragraph contains a legal conclusion to which no response is required. However, to the extent a response is required, the allegations of this paragraph are moot as defendant has granted plaintiff's request for a fee waiver.

51. To the extent a response is required to the allegations of this paragraph, these allegations are moot as defendant has granted plaintiff's request for a fee waiver.

## CLAIM FOUR
### (Improper Denial of Expedition)

52. To the extent plaintiff realleges and incorporates all preceding paragraphs, defendant refers the Court to its responses to specific preceding paragraphs.

53. Defendant denies the allegations in this paragraph.

54. Defendant denies the allegations in this paragraph.

The balance of the Complaint constitutes a prayer for relief to which no answer is required. Defendant denies that plaintiff is entitled to the relief requested, or to any relief whatsoever.

Defendant hereby denies all allegations not expressly admitted or denied.

THEREFORE, having fully answered, defendant asserts that plaintiff is not entitled to the relief requested, or to any relief whatsoever, and requests that this action be dismissed with prejudice and that defendant be given such other relief as the Court deems just and proper.

Dated: January 12, 2006                    Respectfully submitted,

                                                         PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

ARTHUR R. GOLDBERG
(DC Bar # 180661)
Assistant Branch Director
U.S. Department of Justice
Civil Division, Federal Programs Branch

 /s/  *Eric R. Womack*
ERIC R. WOMACK
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
<u>Mailing Address</u>
20 Massachusetts Ave., N.W., Room 7218
Washington, D.C., 20530
<u>Delivery Address</u>
20 Massachusetts Ave., N.W., Room 7218
Washington, DC 20001
Telephone: (202) 514-4020
Fax: (202) 616-8470
Eric.Womack@usdoj.gov

COUNSEL FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of January 2006, I caused a true copy of the foregoing Answer to be served on plaintiff's counsel electronically by means of the Court's ECF system.

                                              /s/ *Eric R. Womack*
                                                    Eric Womack